KRAVITZ AND PURICELLI
BY: Brian M. Puricelli. Esquire
PA. Attorney ID No. 61933
691 Washington Crossing Road
Newtown, Pa. 18940
(215) 504-8115

___

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MULHOLLAND | : NO.  05-5233 |
|                Plaintiff | : |
|   vs | : |
| | : |
| CITY OF PHILADELPHIA, AND | : |
| ALICE MULVEY AND KEVIN DWYER | : |
|                Defendants | : |
|    Sued individually, | |
|     held liable jointly and severally | : JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT**

**I. INTRODUCTION**

1.   This is a civil action brought by Philadelphia Police Sergeant John Mulholland (hereafter Plaintiff) who under 42 U.S.C. Section 2000(e) (Title VII) and 42 U.S.C. §1983, (§1981 et seq.) and the United States Constitution, Commonwealth of Pennsylvania Constitution, and the statutory provisions of the United States and Commonwealth of Pennsylvania, including 43 C.S. §951 et seq., §955 (The Pennsylvania Human relations Act) seeks compensatory damages, punitive damages and other related relief, including equitable relief, attorney fees and litigation costs, for the deprivations of his constitutional, statutory and civil rights, attendant to his employment as a Police Officer with the City of Philadelphia, by the Defendants who were acting under color of state law and/or aiding and abetting the employer's policy, practice or custom to discriminate in the terms and conditions of employment because of gender, religion and protected activities, such as the First Amendment rights to free speech rights, e.g. oppose illegal employment discrimination and discrimination because of religion and gender; practicing a well

1

established and recognized religion; and the Fourteenth Amendment right to equal protection and substantive due process.

## II. JURISDICTION

2.  Jurisdiction is founded on 28 U.S.C. §1343 (3) and (4), 28 U.S.C §1331 (Federal Question) and 42 U.S.C §1983, et seq., because this action is to redress the deprivation under color of any State law, statue, ordinance, regulation or immunity secured by the Constitution of the United States of America providing for equal rights of all persons within the United States and to recover damages under any Act of Congress providing for the protection of civil rights. Supplemental jurisdiction is invoked to resolve the state constitutional and statutory claims.

## III. VENUE

3.  Venue is proper herein as the cause of action arose in the city of Philadelphia, Pennsylvania. Pursuant to Local Civil Rule 5.1.1 regarding pleading claims for unliquidated damages, as specifically stated herein, plaintiff seeks compensatory and punitive damages in excess of the amount which is within the level of arbitration and as such this matter is not subject to arbitration under Local Civil Rule 53.2.

## IV. PARTIES

4.  John Mulholland (referred herein and after as Plaintiff) is an employee of the City of Philadelphia, and he currently holds and held for all times related to the claims the rank of sergeant with the Philadelphia Police Department. For the times relevant hereto Plaintiff is a person as intended by 42 U.S.C §1983, and an employee or member of a protected class as intended by Title VII , the Human Relations Act, and analysis for a First Amendment religious and free speech deprivation claim under 42 U.S.C. §1983. Plaintiff for all times relevant this Action was assigned to the Forensic Lab Unit for the City of Philadelphia Police Department and Plaintiff was under the supervision of Defendant Alice Mulvey, who is an inspector and in a policy making position for the City of Philadelphia and its police department.

5.     The City of Philadelphia (referred herein and after as "Defendant City") is a City of the First Class of the Commonwealth of Pennsylvania. The City is a "Person" as intended by 42 U.S.C. §1983 and for all times relevant hereto the City operated under color of state law and/or a policy practice and custom, of which one that relates to this cause of action is to deprive persons of their civil rights; in that, the policy was by the City acquiescing to the acts of its employees such as Defendant Alice Mulvey, who is a high ranking policy making employee, and thus adopt Mulvey's conduct as its own to create a policy, practice or custom to discriminate and deprive civil rights.

6.     The City at all times related to Plaintiff's Action knew or should have known of the co-defendants' acts and knew or should have know the acts would deprive person of their civil rights, but the City failed to take prompt and appropriate action or to properly train or supervise its employees, and Mulvey, which failure caused the Plaintiff and others to be deprived of federal and state rights, privileges and immunities as secured by law, rule or regulation.

7.     Alice Mulvey (Defendant Mulvey) is a white female Christian; she is also a "Person" as intended by 42 U.S.C. 1983. Defendant Mulvey hold the rank of Inspector with the Philadelphia Police Department and is in management, which management position is a chief policy maker position for the City of Philadelphia Police Department, and Mulvey supervises Defendant Dwyer, Plaintiff and the Forensics's Unit for the City of Philadelphia and its Police Department.

8.     Kevin Dwyer is a natural person, police officer, employee of the City of Philadelphia and personal friend of and subordinate to City employee to defendant Mulvey. Defendant Dwyer is a "Person" as intended by 42 U.S.C. §1983, who under color of state law agreed, aided and abetted and conspired with Defendant Mulvey to intimidate witness who were to provide testimony with the EEOC and in court against for Mulvey's for her illegal employment practices, discriminatory act, and retaliation against Plaintiff for his exercising his Muslim faith and free speech activity.

9.

**V. MATERIAL FACTS AND ALLEGATIONS**

10. Plaintiff incorporated all preceding paragraphs hereto and if repeated verbatim.

11. From December 27, 1993 to date, Plaintiff has been successfully employed by the City of Philadelphia as a Police Officer; he has received satisfactory evaluations for his performance, and was held in the highest regard by his peers and supervisors. Plaintiff holds the rank of sergeant since December 16, 1998.

12. On or around March 2004 Plaintiff was off duty and engaged in the practice of his religion; he is a muslin, and on said day he was wearing religious wear; to wit, a Hatta.

13. On or about March 2004 Defendant Mulvey, who then and now holds the rank of Inspector, was on duty and saw Plaintiff wearing the Hatta. Defendant Mulvey told Plaintiff to "take the rag off your head".

14. Since Defendant Mulvey saw Plaintiff practicing his religion and wearing the Hatta, she has engaged in a course of conduct to discriminate against Plaintiff for practicing the muslin religion, for which Plaintiff within 300 days of the acts by Mulvey filed a charge of gender and religious discrimination with the Equal Employment Opportunity Commission

15. Plaintiff alleged to the EEOC and Pennsylvania Human Relations Commissions, and alleges hereto, that because of his gender and religion, and making a Charge of discrimination to the EEOC and PAHRC:

A) Mulvey forbid Plaintiff from being picked up at the train station and to be driven to the District for work; however prior to Plaintiff being seen practicing his religion and wearing the Hatta, or making a charge of discrimination, Plaintiff was permitted to be picked up at the train station by an on duty officer and to be driven to the District for work;

B) Defendant Mulvey has ordered Plaintiff not to use his lap top computer for or during work; however, prior to Plaintiff being seen practicing his religion, wearing the Hatta and making the EEOC charge, the Plaintiff was permitted to use a personal lap top computer. Further,

4

he as a male is not allowed to use the lap top; however, female employees in the District were and continue to be allowed;

C) Mulvey has direct no studying for promotional exams by Plaintiff while working at the District; however, prior to Plaintiff being seen practicing his religion, wearing the Hatta, and making the EEOC discrimination charge, which was cross filed with the PAHRC, the Plaintiff was permitted to study for promotions at the district. Further, females are permitted t study on duty for promotional examines but not the Plaintiff.

D) Mulvey has "recommended" Plaintiff's transfer "to avoid serious discipline" by her; however prior to Plaintiff being seen practicing his religion, wearing the Hatta, and making the charge of discrimination, Mulvey had no internal Police Department investigation for discipline initiated against the Plaintiff and had not desired to see Plaintiff transferred;

E) Mulvey has not approved insubordination charges that were filed by Plaintiff under the Department disciplinary system; however, prior to Plaintiff being seen practicing his religion, wearing the Hatta, and making the EEOC/PAHRC charge of discrimination, the Plaintiff was able to discipline subordinate for insubordination. Further, Mulvey would not allow insubordination charges brought against a female officer by Plaintiff.

16.   As a result of Defendant Mulvey's discrimination, acts as afore mentioned, the Plaintiff filed a Gender and Religion Discrimination Charge with the Equal Employment Opportunity Commissions and cross filed the Charge with the Pennsylvania Human Relation Commissions. The charge was filed within 300 days of the date of discrimination.

17.   Following the filing of the Charge and notice of the Charge on the Defendants, the Plaintiff continued to suffered discrimination and retaliation for opposing, reporting and foiling the Charge of discrimination, by the City, Mulvey and Dwyer.

18.   Plaintiff is a bona fide member of a well recognized and established religion; to wit Muslim faith, and a Muslim tenant provides that a Hatta be worn.

19. Plaintiff is also a bona fide member of a well recognized and established class; to wit, a male, person who engages in First Amendment activities, such as free speech and religion.

20. Plaintiff has been treated less favorably than females and other employees of other faiths, such as Christians, or people who are not members of the aforementioned "class"; and, it has been Defendants Mulvey and the City who have treated the Plaintiff differently; although he is similarly situated as the others.

21. On July 22, 2005 a Right-to-Sue letter was issued by the Department of Justice (See Exhibit A) on Plaintiff discrimination Charge, Plaintiff upon receiving the "Right-to-Sue" letter filed the instant civil action within 90 days of the date the Right-to-Sue letter was received. See Exhibit "A" attached to the original complaint, which exhibit is hereto incorporated in its entirety from the record as Exhibit "A" to this Amended Complaint.

22. As a result of the Plaintiff's charge of discrimination to the EEOC, the EEOC requested the Plaintiff provide the names of witness to support the Charge, which request was fulfilled and the witness names were provided. Since then Mulvey has used her position as an Inspector, and acted under color of law and in concert and agreement by words or acts with police officer Kevin Dwyer, to obstruct justice, prevent Plaintiff from prosecuting his discrimination claim, and to intimated and coerce the Plaintiff and his witnesses. In that Mulvey made a threat against the Plaintiff to discipline him and the witnesses that aided the plaintiff. Mulvey stated she would transfer the witnesses if they cooperated, aided, and/or testified about the Charge and/or against her and the City on the Plaintiff's allegations and Charge of discrimination. Defendant Mulvey also directed and sent Defendant Dwyer to rely a threat to the witnesses that they would be transferred to a District from the Forensic Unit if the aided the Plaintiff. Dwyer told the witness that "You know, if any of you go down and testify on Sgt Mulholand's behalf you'll be sent back to a District".

23. Plaintiff after hearing the threat confronted Mulvey about the threat; thereafter, the Mulvey and Dwyer used the Forensic' Unit's digital security surveillance camera system to

6

monitor the employee witnesses; this use however is not a permitted use for the system under City of Philadelphia Police Department policy.

24. As a direct and proximate result of the actions aforementioned described, the plaintiff has lost employment opportunities, wages and benefits (property) that he is entitled to; he lost privileges and the right to a good name, his reputation in the police community, his liberty and the loss was imposed without due process of law. Plaintiff was placed under considerable distress, humiliation and embarrassment that was extreme and outrageous, conduct that shocks the conscious, and is beyond the bounds society is willing to accept for employers and members of the Philadelphia Police Department.

25. As a direct and proximate result of the aforementioned actions, the Plaintiff's reputation and his career within the Philadelphia Police Department has been adversely affected. Since such action by the Defendants the Plaintiff's peers and supervisors now view him as a person who has discipline or supervision problems, which thus harms Plaintiffs promotional and transfer opportunities.

26. As a result of the aforesaid actions, and other culpable acts of the defendants, Plaintiff suffered, and will continue to suffer, economic loss, including lost wages, benefits, and other work related emoluments, as well as other damages including those described in this complaint.

27. Upon information and belief the City of Philadelphia and the Philadelphia Police Department do not have adequate programs and/or policies or supervision to prevent discrimination, retaliation and illegal employment practices, by its employees, and the Defendant City by policy, practice and custom ignore claims of discriminatory conduct by officers, disparately disciplines officers in order to chill the exercise of constitutional rights by its employees. The City has adopted or has tolerated an implicit policy or custom permitting discrimination and retaliation by its supervisors and the use or issue of the internal disciplinary process to retaliate against, harass and chill the exercise of religion and free speech by officers, Muslin, minority and male officers who protest illegal police department actions.

28. At all times relevant hereto there existed an employer-employee relationship between Plaintiff and the Defendant City. Additionally, the acts of the co defendants, as described in this complaint, occurred within 2 years of the date the complaint was filed; these acts were done under color of state law and deprived the plaintiff of his federal rights, privileges or immunities as secured by federal law, rule, or constitution, e.g. First and Fourteenth Amendments of the United States Constitution and Title VII, 42 U.S.C. §2000(e). Furthermore, all acts by the Defendants were done beyond the bounds that society is willing to tolerate, they were extreme and outrageous, and would shock the conscience of an ordinary person. The acts were intentionally and deliberately, and/or done recklessly, maliciously, and/or in gross negligence; the defendants conduct were done with knowledge the conduct would deprive Plaintiff's rights and was contrary to clearly established law. The Defendants acts were done as a policy, custom and practice of the City of Philadelphia and in reckless disregard for the plaintiff's rights, and/or in deliberate indifference to his rights, as such rights are secured by the laws of the United States and Commonwealth of Pennsylvania.

29. At all times relevant hereto all acts against the plaintiff were done under an illegal policy, practice, custom and agreement, for the design, with the intent and for the purpose to harm the plaintiff, deprive him and officers under color of state law of civil rights, the right to property, liberty, equal protection of law, reputation, and due process, as secured under the First, and Fourteenth Amendments of the United States Constitution, and Article I sections: 1, (property, liberty, equal rights, reputation, happiness) 3, (Religion) 26 (discriminate in exercise of civil right) of the Pennsylvania Constitution.

30. At all times relevant to Plaintiff's causes of action, the Defendants acted with actual or constructive knowledge or notice of the illegality as of their acts, which have been fully described above, the Plaintiff's First Amendment protected activities and constitutional rights, and that their actions were contrary to established law.

31. The Defendants acted with specific intent to deny and/or chill constitutional rights, such as but not limited to freedom to practice the Muslim religion, speech, and equal protection of the law.

## COUNT I
### John Mulholland v. City of Philadelphia
### 1983 Monell Action

32. Plaintiff repeats all preceding paragraphs hereto and as though repeated verbatim.

33. Plaintiff believes and therefore avers that the City of Philadelphia has a policy, custom and practice to treat unequally employees because of their gender, religion and First Amendment activities, and to retaliate against employees who engage in First Amendment activities, such as speech and religion. Plaintiff further avers that the City as a policy practice or custom acquiesces to its supervisory rank employee's misconduct, and the use or misuse of discipline or the disciplinary process or rules, to chill constitutional rights and retaliate against those employees who exercise the First Amendment rights to free speech and religion.

34. Plaintiff contends also that the City and its Police Department as a policy, practice and/or custom disciplines and issues or withholds assignments and/or transfers in order to cause a chilling of free speech constitutional rights or retaliate for reporting to investigative agencies illegal conduct. Plaintiff contends further that the substantial motivating reason for the adverse employment and disparate treatment by the defendants, as is more fully describe below. Is because of the Plaintiff's First amendment activities, such as religious practices and/or free speech, e.g. reporting to supervisors and the EEOC illegal employment and discriminatory practices of the City, Mulvey and Dwyer, or because of his gender or sex.

35. Plaintiff contends also that the City and its Police Department has adopted a de facto policy of permitting supervisors to use and misuse the internal disciplinary system, assignment and transfer system, and/or daily duty assignment process to chill free speech and religious practices, and to retaliate against the employees, including the plaintiff, who are whistle blowing officers and persons or employees who oppose illegal employment practices.

9

36. Plaintiff believes and therefore avers City of Philadelphia has a policy and practice of condoning, overlooking, and acquiescing to the practices as heretofore alleged and done by Defendants Mulvey and Dwyer, and under said policy the City does not take prompt and appropriate action to stop unequal or discriminatory and retaliatory treatment by its supervising staff, such as the discriminatory and retaliatory treatment by Inspector Mulvey.

37. Plaintiff believes and therefore avers that the City of Philadelphia has a policy and practice of failing to train and supervise its law enforcement personnel, including supervisors, and that the City permits condones and acquiesces to discrimination and retaliation against officers who oppose discrimination in and out of the work place, oppose misconduct by police officers of the Philadelphia Police Department, and practice non-Christian religions.

38. The Plaintiff believes and therefore avers the Defendant City has a policy to chill and retaliate against employees who engage in First Amendment activities, such as to speech and for reporting misconduct and opposing illegal employment practices and/or for practicing well recognized religions, such as the muslin faith.

39. Defendant Mulvey's acts as described throughout this complaint were acquiesced to by Commissioner Sylvester Johnson of the City of Philadelphia Police Department and/or by John Street, Mayor for the City, and the result of the acquiescence created a policy for the City to permit and condone discrimination in the work place, to fail to take prompt and appropriate action to stop discrimination, and to allow retaliation by employees, and to allow the existence of improper or inadequate supervision and training to end discrimination and retaliation but to allow discrimination and retaliation against employees who engaged in protected free speech and religious activities.

40. The City has a policy to retaliate and chill rights as other employees who have engaged in protected free speech activity, as practiced by the Plaintiff, have under the policy been retaliated against; such employees include, John Devore who was illegally fired from his police officer position after reporting corruption by a police office. Mr. DeVore in a ten (10) day jury trial

against the City of Philadelphia that ended in March 2004 and was held before the Honorable Jacob Hart (Easter District United States District Court for Pennsylvania) proved the policy existed; he was awarded by the jury a six figure damage amount. Further, ) Captain Dooly of the Philadelphia Police Department in a free speech First Amendment retaliation trial before the Honorable Lowell Reed, (Easter District United States District Court for Pennsylvania established the policy by the City of Philadelphia to retaliate against employees for First Amendment activities and Captain Dooly recovered a six figure damage award for being retaliated against for First Amendment Free Speech activities.

41. The policy of the City, as aforedescribed, and the acts of the Defendants, as described in this complaint, caused injury to the Plaintiff and are the direct or proximate cause for the Plaintiff's injuries.

## COUNT II
### Title 42 Sec. 1983 - Civil Rights Religion Speech and Gender

42. Plaintiff repeats all preceding paragraphs hereto as though stated verbatim.

43. On or about March 2004 and continuing to date, Defendants Mulvey and Dwyer acted under color of state law to deprive the plaintiff of his rights, privileges or immunities as secured by the Constitution, Laws or Regulations of the United States; such as, but not limited to, the First Amendment right to practice religion and exercises free speech, and the Fourteenth Amendment rights to substantive and procedural due process and equal protection of law.

44. Plaintiff at all times relevant hereto was a person as intended by 42 U.S.C. 1983 and as a person and citizen of the United States he enjoyed the right under the First Amendment to practice the Muslim faith, speak out against discrimination, file a charge of discrimination with the EEOC, and not be retaliated for the First Amendment activities, and the right under the Fourteenth Amendment to be treated equally as others similarly situated as the Plaintiff, and not to be treated differently because of his gender or religious practices, and the right to be free for a

deprivation of property or liberty interest without first being provided lawful and proper procedural and substantive due process of law.

45. Plaintiff is a member of a protected class, to wit, a person engaging in a fundamental rights, such religion and free speech in reporting illegal conduct by police and employees of the City of Philadelphia.

46. Plaintiff contends that in 2004 while engaged in protected First Amendment activities he suffered a deprivation of the right to Free Speech and religious participation and beliefs, and that because he engaged in free speech activities of reporting illegal discrimination in employment to the United States Equal Employment Opportunity Commission and for is exercised of his Muslim faith, which is a well recognized religion, he was retaliated against by the defendants for the protected activities and treated differently in the terms and conditions of his employment.

47. Plaintiff contends that as a result of his free speech and religious activity he was discriminated against by the Defendant City of Philadelphia and Mulvey, and retaliated against by same and Defendant Dwyer, for reporting to the EEOC and Police Department perceived discriminatory acts. Additionally, Defendants Mulvey and Dwyer conspired with one another to deprive plaintiff of his civil rights and to retaliate against him for his free speech activity. Defendants Mulvey and Dwyer aided and abetted the City in its policy, practice and custom to treat plaintiff differently in the terms and conditions of employment and to retaliate for First Amendment activity.

48. Plaintiff contends that his free speech and religious activity was the substantial or motivating reason for the defendants conduct as described in the Amended complaint, and that Defendants intended to discriminate and retaliate against the Plaintiff because of his religion and free speech activity.

49. Plaintiff contends that his religious activity, e.g. wearing a Hatta", and opposing illegal employment practices, filing a discrimination charge with the EEOC and PAHRC, and reporting perceived discrimination to superiors of the City Police Department, are protected activities under

the First Amendment of the United States Constitution and Laws of the United States and the Laws and Constitution of the Commonwealth of Pennsylvania; specifically, Title VII of 42 U.S.C. 2000(e); Article I section 3 of the Pennsylvania Constitution, and 43 C.S. Section 951 et. seq., of the Pennsylvania Human Relations Act. (all relating to religious and gender or sex discrimination).

50. Plaintiff contends he was deprived of his constitutional rights, privileges and immunities, including the First Amendment constitutional rights, because of his religion and practicing his Muslim faith, and for his speech, e.g. opposing and reporting illegal employment practices to the Equal Employment Opportunity Commission.

51. Plaintiff contends the acts of the defendants as described were done under color of law and to retaliate for the Plaintiff's First Amendment activity; and that he, the Plaintiff, was subjected to adverse employment action by the City of Philadelphia, as is more fully described below, which action violates Title VII and Section §955 of PAHRC, and also offends the First Amendment of the United States Constitution and Article I Section 3 of the Pennsylvania Constitution.

52. Plaintiff further contends that he was subjected to unequal and disparate treatment in the terms and conditions of his employment because of his sex, speech, and religious practices. Further, Plaintiff contends that because of his sex and protected activities, e.g. speech and religious practices, he was treated differently to how others similarly situated were treated, treated different in the terms and conditions of employment, and was subjected to disparate treatment because of his religion, gender, and free speech activities.

53. Plaintiff contends that as a result of the defendants' acts, retaliations, and unequal treatment he sustained damages that included emotional distress, loss of wages, employment benefits, employment opportunities, humiliation, and embarrassment.

54. Plaintiff was denied the aforementioned rights under color of state law by the Defendants as follows: (a) Defendant Mulvey with the aid and agreement of Defendant Dwyer treated Plaintiff unequally in the terms and conditions of employment as females and non Muslins are treated; in that Mulvey, Dwyer and the City allow females and non-Muslins to bring to work

13

and use laptops during work hours, and they allow females and non-Muslims to study for promotional exams at work and during work hours, and they allow such to practice their faith on and off duty without fear of being disciplined, transferred, or monitored though a digital security system. Further, Non Muslim employees were not retaliated against or treated differently as just described for wearing religious wear or opposing discrimination by filing an Equal Employment Opportunity Commission and/or Pennsylvania Human Relations charge of discrimination. However, Plaintiff believes and therefore avers that Muslims such as he are not permitted to do these acts on duty, and he was not allowed to wear religious wear, such as a Hatta, while of duty.

55. Further, Plaintiff believes and therefore avers that females and those of the Christian and Jewish faith are treated more favorably by the Defendants than Muslims, in that non Muslims and female are permitted to display and wearing religious wear while on and off duty; however, Plaintiff a Muslim is not. In that, Plaintiff a Muslim was told by Defendant Mulvey that he was not to wear his "Hatta" off duty; yet, Mulvey has not told Christians they may not wear a cross of their faith on or off duty, or that they would not have an ash mark on the forehead for ash Wednesday on and off duty. Additionally, Jewish female officers are not bared from wearing a skull cap, while off duty, or a Jewish cross while on or off duty. However, Plaintiff was told by Defendant Mulvey to not wear his muslin clothing or "hatta" (which is a hat worn by Muslims) while off duty.

56. Defendant Mulvey's order to Plaintiff that he was not to wear a hatta while off deprives and deprived the Plaintiff of his federally protected fundamental right to practice religion, equal protection at law and substantive due process, for which there is no legitimate or any important governmental interest for the deprivation or order and requiring Plaintiff to not wear religious wear while off duty.

57. Defendant Mulvey's order is arbitrary and capricious as to shock to the conscious.

58. Defendant Mulvey was at all times on notice that her conduct was illegal and would chill and/or deprive free speech and religious rights, because such conduct was deemed by clearly

established law to be illegal and a violation of the First and Fourteenth Amendments of the united States Constitution and laws of the United States and Commonwealth of Pennsylvania.

59.  As a direct and proximate cause of the aforesaid deprivation and conduct under color of state law the plaintiff was denied his First Amendment right to practice religion and free speech right to file a charge of discrimination with the EEOC and PAHRC to oppose illegal employment discrimination, and of his Fourteenth Amendment right to equal treatment and substantive due process of law.

60.  As a direct and proximate cause of the aforesaid deprivation and conduct sustained emotional distress, humiliation, embarrassment, pain and suffering, wage loss, and employment opportunities.

61.  The Defendants acts and omissions as aforedescribed were done intentionally and/or in violation of clearly established law; were for the purpose and intent to retaliate for Plaintiff engaging in First Amendment activities, such as practicing the Muslim faith and reporting discrimination to the EEOC and PAHRC, and in deliberate indifference to or reckless disregard for to the Plaintiff rights.

62.  The substantial and/or motivating reason for Defendants Mulvey, City and Dwyer's acts was the Plaintiff's membership and First Amendment activities. As such, the Plaintiff is entitled to such relief as is provided at law and equity under the 1964 Civil Right act, its amendments such as the 1991 amendment, and 42 U.S.C. §1983 et. seq., and other laws of the United States and Commonwealth of Pennsylvania relating to a deprivation of the rights, privileges and immunities as secured by federal law, rule and regulation.

**COUNT III**
**42 U.S.C. 1983**
**(conspiracy)**

63.  Plaintiff incorporates all preceding paragraphs hereto as though repeated verbatim.

64. Defendants Mulvey and Dwyer collectively, by agreement, and/or for a common goal, took overt acts in furtherance of the agreement by putting into motion their plan to deprive plaintiff of and retaliate for his free speech rights to practice the Muslim faith and to report illegal employment practices, such as discrimination based on religion and gender.

65. Defendants Mulvey had Defendant Dwyer in furtherance of their agreement approach Plaintiff's witnesses and threatened then with discipline, e.g. transfers, if they testified for Plaintiff and against Mulvey.

66. Mulvey had actual or apparent authority as an inspector and supervisor at the Forensic Law Unit to issue discipline and transfer person working under her command and at the Forensic lab Unit, which is where the Plaintiff and his witness worked.

67. Mulvey and Dwyer had actual knowledge of Plaintiff's free speech activities, e.g. filing a charge of discrimination with the EEOC and PAHRC, and having this actual knowledge they agreed that one or both would interfere with the EEOC investigation, or justice, by approaching and coercing with threats the Plaintiff's witnesses to the allegation of discrimination by Defendant Mulvey. In that Defendant Mulvey and Dwyer threatened Plaintiff's witness with transfers to a District if the witnesses testified for Plaintiff about Mulvey's order that Plaintiff was not wear the Hatta.

68. Mulvey with the aid and agreement of Defendant Dwyer, or others who are not named as defendants, did one or more of the following in furtherance of and to facilitate the conspiracy to deprive Plaintiff's civil rights and retaliate for the exercise of the aforementioned First amendment right: they, (a) threatened witness with transfers if they testified against Mulvey; (b) used the building's new digital security surveillance system to monitor and intimidate the witnesses and (c) they burned disks of the images of Plaintiff's witness while working as further intimidation or support a pretextual basis to discipline the witnesses, when the security system under Police Department / City policy is not to be used for that purpose.

69. As a direct and proximate result of the illegal conspiracy Plaintiff was deprived of rights, privileges or immunities as secured under the United States Constitution, Laws and/or Regulations; to wit, speech, property, liberty, equal treatment under the law, and due process as secured by the First, Fourth and Fourteenth amendments.

70. The Defendants at all time were acting in concert with one another and were motivated by an animus for the Plaintiff, which animus and motivation continues to date.

## COUNT IV
## 42 U.S.C. 2000 (e)

71. Plaintiff incorporates all preceding paragraphs hereto as though repeated verbatim.

72. Plaintiff is a member of a protected class, e.g. he is a male and person who practices the Muslim faith and he is and remains qualified for the position he holds; to wit, Police officer and Sergeant.

73. Plaintiff was denied equal employment opportunities and subjected to different and adverse employment action in the terms and conditions of his employment by the employer, e.g. The City of Philadelphia, because of his religious activities and gender or membership in the protected class.

74. Because of Plaintiffs membership in a protected class or protected activities, Plaintiff was denied the same benefits as female officer and non-Muslim officers.

75. Plaintiff complained to his superior of the discriminatory conduct, and the City failed to take prompt and adequate remedial action to stop the retaliatory action; thus, the city adopting the conduct as a policy of the employer to engage in illegal employment practice of discriminating against employees in the terms and conditions of employment because of gender and religion.

76. As a result of the Defendant city of Philadelphia failure to take prompt and appropriate action to end the illegal employment practice, as proscribed by Title VII, the Plaintiff is entitled to all relief afforded by title VII.

## COUNT V
### Pennsylvania Human Relations Act

77. Plaintiff incorporates all preceding paragraphs hereto as though repeated verbatim.

78. Plaintiff complained to his superior of the discriminatory conduct by Mulvey and Dwyer and the City failed to take prompt and adequate remedial action to stop the retaliatory action, thus the City employer adopted the conduct as a policy of the employer in the terms and conditions of employment for its employers, which included the plaintiff.

79. The acts of the defendants, as fully described above, were done because of Plaintiff protected activities or gender.

80. Defendants Mulvey and Dwyer aided and abetted the employer's illegal employment practice to discriminate against employees in terms and conditions of employment because of sex, gender and religion.

## VI. PRAYER FOR RELIEF

Wherefore, the plaintiff prays the Court enter Judgment for him and against the Defendants on all counts and hold the Defendants jointly and severely liable, and that the Court award Plaintiff all equitable and relief to make the Plaintiff whole, including but not limited to back and front wages, economic, statutory, compensatory, punitive and exemplary damage, reasonable attorney fees and costs, and such other relief the court deems fitting and just.

                Respectfully submitted

                KRAVITZ AND PURICELLI

        BY:    _____
                Brian M. Puricelli. Esquire
Dated December 5, 2005        ECF SIGNATURE   MBP3198

KRAVITZ AND PURICELLI
BY: Brian M. Puricelli. Esquire
PA. Attorney ID No. 61933
691 Washington Crossing Road
Newtown, Pa. 18940
(215) 504-8115

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MULHOLLAND | : NO. 05-5233 |
|        Plaintiff | : |
|   vs | : |
| | : |
| CITY OF PHILADELPHIA, AND | : |
| ALICE MULVEY AND KEVIN DWYER | : |
|        Defendants | : |

## CERTIFICATE OF SERVICE

I, Brian M. Puricelli, Esquire certify that a copy of Plaintiff's First Amended Complaint was served on Patricia Siemiontkowski, Esquire, Counsel for the Defendants via ECF and personally on December 6, 2005 at the City Law Department, 1515 Arch Street, Philadelphia PA

                                       KRAVITZ AND PURICELLI

BY:
                                     ECF SIGNATURE BMP3198
                                     Brian M. Puricelli, Esquire
                                     Counsel for Defendant/Petitioner